IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

OBADIAH SAVOY DILLARD,

    Plaintiff,

vs.                                                     Case No: 1:11-cv-21-SPM-GRJ

LAWANDA GOODMAN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently incarcerated at Apalachee CI, initiated this case by filing a *pro se* complaint under 42 U.S.C. § 1983, and has been granted leave to proceed as a pauper. Plaintiff is proceeding pursuant to a second amended complaint, Doc. 13 (hereafter "Complaint"). The Complaint is now before the Court for screening under 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). For the following reasons, the Court recommends that this case be dismissed.

### Plaintiff's Allegations

The instant Complaint stems from Plaintiff's arrest and prosecution for armed bank robbery in 2009. *See State of Florida v. Dillard*, Case No. 2009-CF-2784 (8th Cir., Alachua County). Plaintiff was tried and acquitted of the charge. *Id*. He is presently serving a sentence in the custody of the Department of Corrections for burglary. *See*

*State of Florida v. Dillard*, Case No. 2010-CF-3797 (8th Cir., Alachua County).[1]  The Defendants identified in the Complaint include named and unnamed Tampa and Alachua County law enforcement officers, the trial judge and prosecutor, and witnesses at Plaintiff's trial.

Plaintiff alleges that in July 2009 he heard that a warrant had been issued for his arrest in Alachua County on armed robbery charges.  Plaintiff alleges that he knew nothing about a robbery, so he left town and went to Tampa, where he was arrested.  Plaintiff alleges that the Tampa police officers used excessive force during the arrest.  He alleges that he was falsely arrested and imprisoned in Tampa.  Plaintiff alleges that upon his transfer to Alachua County, he was falsely arrested and imprisoned.

Plaintiff contends that Gainesville Police Officer Thompson lied under oath at Plaintiff's trial and testified that Plaintiff committed the robbery, as did another unnamed GPD officer known as "Red Head."  Plaintiff alleges that Thompson harrassed him and caused him mental distress.  He alleges that the trial judge, Mark Moseley, judged him under "false allegations", knowing that Plaintiff had a mental disability, and that the judge ordered Plaintiff get psychiatric medications before trial, which caused Plaintiff mental distress and public humiliation.  Plaintiff alleges that former Alachua County Sheriff Steve Oelrich allowed a detective to harass and intimidate Plaintiff.  Plaintiff contends that other witnesses at his trial, including credit union clerks and a laborer, "came to court and testified and lied on me," falsely accusing him of robbery.  Plaintiff alleges that the state prosecutor, William Cervone, lied under oath and prosecuted

---

[1]The Court takes judicial notice of the Alachua County public records of Plaintiff's criminal proceedings, and of the Department of Corrections public records documenting Plaintiff's incarceration history.

Plaintiff for a robbery he did not commit.   Plaintiff seeks damages in excess of eight billion dollars.  Doc. 13.

## Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

## **False Arrest and Malicious Prosecution**

To the extent that Plaintiff contends he was falsely arrested in violation of the Fourth Amendment, his claim fails because he concedes that his arrest was made pursuant to a warrant. False arrest and imprisonment claims provide recovery for damages between the time of arrest or seizure and the issuance of legal process. *Wallace v. Koto*, 549 U.S. 384, 390 (2007) (false imprisonment ends once the victim becomes held pursuant to [legal] process); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (false arrest claims cover the time of detention up until the issuance of process or arraignment, but not more); *Whiting v. Traylor*, 85 F.3d 581, 585 n. 8 (11th Cir.1986) (same).  Plaintiff alleges no facts suggesting that the warrant for his arrest was not supported by probable cause, and the existence of probable cause is an absolute bar to a § 1983 claim for false arrest.  *See Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir.1998).

Since Plaintiff was arrested pursuant to a warrant (hence, a probable cause determination was made), his only conceivable claim is a claim for the common-law tort of malicious prosecution.  In order to state a claim for malicious prosecution pursuant to § 1983, Plaintiff must allege facts establishing the elements of the common-law tort and a Fourth Amendment violation of his right to be free from an unreasonable seizure. *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir.2004).  Under Florida law, a Plaintiff must establish six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present Plaintiff was commenced or continued; (2) the present Defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a *bona fide* termination of that proceeding in favor of

the present Plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present Defendant; and (6) Plaintiff suffered damages as a result of the original proceeding.  See, e.g., Durkin v. Davis, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002) (citing Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla.1986)).

Initially, the Court notes that some of the Defendants identified in the Complaint – the "owner" of the credit union and the clerks and laborer who testified against Plaintiff – are private citizens, not state actors for purposes of liability under § 1983. Moreover, on the basis of Plaintiff's allegations it is clear that the trial judge and state prosecutor are immune from suit.  The Supreme Court has recognized that the judicial function and prosecutorial function are cloaked with absolute immunity, with certain narrow exceptions.  See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (judicial immunity); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (prosecutorial immunity). The allegations of the Complaint  do not fall within any of the recognized exceptions to absolute judicial and prosecutorial immunity.

In any event, Plaintiff has alleged no facts from which it may reasonably be inferred that he could establish the necessary elements of a malicious prosecution claim against any Defendant.  Plaintiff conclusionally alleges that law enforcement officers and other Defendants lied and falsely accused him, but the Complaint is devoid of any factual assertions that would support those conclusions.  Plaintiff's conclusional claims do not equate to factual allegations showing that his armed-robbery prosecution was malicious such that it gives rise to liability under § 1983.

To the extent Plaintiff alleges that Tampa law enforcement officers used

excessive force during his arrest, this Court is not the proper forum in which to pursue such claims. Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Tampa is within the jurisdiction of the Middle District of Florida. Pursuant to 28 U.S.C. § 1406(a), the Court has the discretion to transfer a case to a district where venue is proper, but in view of the vague and conclusional nature of Plaintiff's allegations, the Court finds that transfer is not in the interest of justice. The Court recommends that Plaintiff's excessive-force claims be dismissed without prejudice to Plaintiff's right to assert such claims in the appropriate district court.

## Conclusion

For the foregoing reasons, the Court concludes that the allegations of the Complaint fail to state a claim upon which relief may be granted. It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted..

**IN CHAMBERS** this 10th day of October 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**